IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC._, et al.,_[1] | Case No. 24-11442 (MFW) |
| | (Jointly Administered) |
| Debtors. | |
| GEORGE L. MILLER, CHAPTER 7 TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 25-50399 (MFW) |
| WILLIAM J. ROUHANA, JR., AMY L. NEWMARK, CHRISTOPHER MITCHELL, FRED M. COHEN, COSMO DENICOLA, MARTIN POMPADUR, CHRISTINA WEISS LURIE, DIANA WILKIN, VIKRAM SOMAYA, JASON MEIER, AMANDA R. EDWARDS, CHICKEN SOUP FOR THE SOUL PRODUCTIONS, LLC, CHICKEN SOUP FOR THE SOUL, LLC, CHICKEN SOUP FOR THE SOUL HOLDINGS, LLC, | |
| Defendants. | |

**WILLIAM J. ROUHANA, JR., AMY L. NEWMARK, CHICKEN SOUP FOR THE SOUL PRODUCTIONS, LLC, CHICKEN SOUP FOR THE SOUL, LLC AND CHICKEN SOUP FOR THE SOUL HOLDINGS, LLC'S MOTION TO EXTEND THE TIME TO <u>ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT</u>**

William J. Rouhana, Jr., ("Mr. Rouhana") and Amy L. Newmark ("Ms. Newmark") (collectively "Individual Defendants"), and Chicken Soup for the Soul Productions, LLC ("CSS Productions"), Chicken Soup for the Soul, LLC ("CSS") and Chicken Soup for the Soul Holdings,

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

LLC ("CSS Holdings") (collectively "CSS Entities"), (and collectively, all movants are referred to as the "Defendants"), by and through their undersigned counsel, hereby respectfully submit this motion (the "Motion")[2] for entry of an order, pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "Bankruptcy Code"), Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7012-2 and 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "Local Rules"), extending the Defendants' time to respond to answer or otherwise respond to the complaint in the above-captioned action [Adv. D.I. 1] (the "Complaint") to June 13, 2025.  In support of this Motion, Defendants respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Complaint filed by Plaintiff George L. Miller, Chapter 7 Trustee ("Plaintiff" or "Trustee") in this action purports to assert both core and non-core claims.  The Defendants do not consent to the entry of a final order or judgment by this Court.

2. The relief requested herein is predicated on Bankruptcy Code section 105(a), Bankruptcy Rule 9006(b)(1), and Local Rules 7012-2 and 9006-2.

## BACKGROUND

3. The Plaintiff filed the Complaint in this adversary proceeding on March 12, 2025 [Adv. D.I. 1].  The Complaint asserts thirteen (13) claims against a total of fourteen (14) defendants.

4. The Complaint asserts ten (10) claims against Mr. Rouhana: Count I for Breach of Fiduciary Duty; Count V for Aiding & Abetting Breaches of Fiduciary Duties; Counts VI and VII for Avoidance and Recovery of Insider Revenue Transfers as Fraudulent Transfers; Counts VIII

---

[2] Defendants bring this Motion without waiver of any affirmative defenses, claims, third-party claims or cross-claims the Defendants may have, or may assert, under Rule 8 or Rule 12 of the Federal Rule of Civil Procedure, or Bankruptcy Rule 7008 and 7012, or any applicable Local Rules.

and IX for Avoidance of Insider Releases as Fraudulent Transfers; Count X to Recover Preferred Dividends and Insider Revenue Transfers as Illegal Dividends; Count XI for Non-payment of Employee Wage, Benefit and Tax Obligations; Count XII for Objection to Claims and Disallowance; and Count XIII for Equitable Subordination of Claims.

5. The Complaint asserts ten (10) claims against Ms. Newmark: Count II for Breach of Fiduciary Duty; Count V for Aiding & Abetting Breaches of Fiduciary Duties; Counts VI and VIII for Avoidance and Recovery of Insider Revenue Transfers as Fraudulent Transfers; Counts VIII and IX for Avoidance of Insider Releases as Fraudulent Transfers; Count X to Recover Preferred Dividends and Insider Revenue Transfers as Illegal Dividends; Count XI for Non-payment of Employee Wage, Benefit and Tax Obligations; Count XII for Objection to Claims and Disallowance; and Count XIII for Equitable Subordination of Claims.

6. The Complaint asserts ten (10) claims against the CSS Entities: Count IV for Breach of Fiduciary Duty; Count V for Aiding & Abetting Breaches of Fiduciary Duties; Counts VI and VII for Avoidance and Recovery of Insider Revenue Transfers as Fraudulent Transfers; Counts VIII and IX for Avoidance of Insider Releases as Fraudulent Transfers; Count X to Recover Preferred Dividends and Insider Revenue Transfers as Illegal Dividends; Count XI for Non-payment of Employee Wage, Benefit and Tax Obligations; Count XII for Objection to Claims and Disallowance; and Count XIII for Equitable Subordination of Claims.

7. Plaintiff's Certificate of Service asserts he served the summons and a copy of the Complaint on all defendants named in the case via "Regular, first-class United States mail, postage fully pre-paid," via specified addresses and customized addressees for each defendant named in the lawsuit. [Adv. D.I. 3].

8. The Individual Defendants received their service packets at their personal residence on Thursday, March 13, 2025, consistent with Plaintiff's Certificate of Service making

their response date April 14, 2025.  [Adv. D.I. 3].

9.      The CSS Entities dispute that they have been properly served in the case and the time period for them to answer or otherwise respond to the Complaint has yet to be triggered.  To this end, it appears Plaintiff has attempted to serve process over the CSS Entities by serving them: (i) at the CSS Entities' office address; and (ii) via the Connecticut Secretary of State.  However, no service packages have been delivered to the CSS Entities' office and service on the Connecticut Secretary of State has not resulted in service of the CSS Entities.  Moreover, Plaintiff did not attempt to serve the CSS Entities' registered agent, CT Corporation.  Because service has yet to be effectuated on the CSS Entities, the CSS Entities' deadline to answer or otherwise respond to the Complaint has yet to be triggered.  Upon information and belief, the Plaintiff has also failed to effectuate service over several other individuals named as co-defendants in the case.

10.     While the Plaintiff has offered the Defendants a twenty-eight (28) day extension to answer or respond to the Complaint, the Defendants have conferred with Plaintiff's counsel and advised that a twenty-eight (28) day extension does not work from their perspective given: (i) the five (5) moving Defendants, all of whom are represented by the same counsel, each have separate and individualized defenses that must be investigated and defended; (ii) the legal and factual claims asserted in the Complaint are complex; (iii) the Defendants' defenses will be distinguishable and likely require separate responsive motions before the Court; (iv) upon information and belief, not all of the co-defendants named in the Complaint have been served and the deadline to answer or otherwise respond to the Complaint will likely vary among the defendants; (v) upon information and belief, several of the other individual co-defendants named in the case have yet to retain counsel, so additional extension requests are likely; and (vi) the Individual Defendants, certain of the other individual co-defendants and their "D&O Insurer" anticipate filing, as promptly as possible, a "D&O Insurance Motion" which motion will seek the

entry of an order authorizing the Individual Defendants and individual co-defendants to access proceeds, and authorizing the "D&O Insurer" to pay proceeds, under certain director and officer liability insurance policies that the Debtors' estate may also hold an interest in, and pursuing such motion and its requested relief first, prior to Defendants filing numerous and complex motions to dismiss, is in the interests of all parties and the Court's efficient administration of this case. In addition, counsel's ability to meet and confer with the Individual Defendants and CSS Entities will be impacted by the intervening Easter and Passover holidays and other work commitments that conflict with the limited 28 days proposed by Trustee.

11.  On April 1, 2025, undersigned counsel and counsel for the Trustee participated in a video meet and confer to discuss the case which they agreed would be protected by Federal Rule of Evidence 408. In the course of that meet and confer, the parties discussed their views on the deadline to answer or otherwise respond to the Complaint. Defendants proposed a response date of June 13, 2025, sixty (60) days from the Individual Defendants' initial deadlines. Counsel for Trustee had no authority from his client at the time but indicated the Trustee was likely to only consent to a twenty-eight (28) day extension consistent with Local Rule 7012-2.

12.  On April 4, 2025, Defendants submitted a follow up email to counsel for the Trustee formally proposing the sixty (60) day extension of the Individual Defendants' deadline to respond to the Complaint together with an agreed response deadline for the CSS Entities to respond to the Complaint in exchange for the CSS Entities not contesting service of process. On April 7, 2025, counsel for Plaintiff and Defendants participated in another call, where counsel for Trustee reiterated the Trustee was unlikely to consent to more than a twenty-eight (28) day extension. Defendants continued to ask for sixty (60) days given the various factors noted in paragraph 10 above.

13.  On April 9, 2025, undersigned counsel had a final call with counsel for Trustee.

The Trustee's counsel again offered a twenty-eight (28) day extension, consistent with the extension the Trustee entered into with several individual co-defendants. [Adv. D.I. 5].

## RELIEF REQUESTED

14.     By this Motion, Defendants seek the entry of an order extending the Current Response Deadline for Defendants to answer or otherwise respond to the Complaint to June 13, 2025. The statutory predicates for the relief include Bankruptcy Code section 105, Bankruptcy Rule 9006(b)(1), and Local Rules 7012-2 and 9006-2.

## BASIS FOR RELIEF REQUESTED

15.     Bankruptcy Code section 105(a) permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, Bankruptcy Rule 9006(b)(1) provides for extensions of time to be granted for cause shown. See Fed. R. Bankr. P. 9006(b)(1).[3] The granting of an extension is left to the discretion of the Court.

16.     Defendants assert there is good cause to grant the relief requested by their Motion, including: (i) the five (5) moving Defendants, all of whom are represented by the same counsel, each have separate and individualized defenses that must be investigated and defended; (ii) the legal and factual claims asserted in the Complaint are complex; (iii) the Defendants' defenses will be distinguishable and likely require separate responsive motions before the Court; (iv) upon information and belief, not all of the co-defendants named in the Complaint have been served and the deadline to answer or otherwise respond to the Complaint will likely vary among the defendants; (v) upon information and belief, several of the other individual co-defendants named in the case have yet to retain counsel, so additional extension requests are likely; and (vi) the Individual Defendants, certain of the other individual co-defendants and their "D&O Insurer"

---

[3] Pursuant to Local Rule 9006-2, if a motion to extend a deadline is filed before the expiration of the deadline provided by the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, then the deadline is automatically extended until the Court acts on the motion to extend. See Del. Bankr. L.R. 9006-2.

anticipate filing, as promptly as possible, a "D&O Insurance Motion" which motion will seek the entry of an order authorizing the Individual Defendants and individual co-defendants to access proceeds, and authorizing the "D&O Insurer" to pay proceeds, under certain director and officer liability insurance policies that the Debtors' estate may also hold an interest in, and pursuing such motion and its requested relief first, prior to Defendants filing numerous and complex motions to dismiss, is in the interests of all parties and the Court's efficient administration of this case. In addition, counsel's ability to meet and confer with the Individual Defendants and CSS Entities will be impacted by the intervening Easter and Passover holidays and other work commitments.

17. Lastly, a pre-trial conference has not been scheduled, and no scheduling order has been entered in the adversary proceeding. Therefore, the requested enlargement of time for Defendants to respond will not prejudice or interfere with any scheduling by this Court.

18. Defendants respectfully submit the Trustee will not be harmed or prejudiced by the requested extension, especially since the Individual Defendants (and likely individual co-defendants) anticipate filing a "D&O Insurance Motion" with the Court, which will likely be heard at the Court's May 14, 2025 Chapter 7 hearing date. Establishing a uniform response deadline benefits the Court and the parties and allows for the efficient administration of justice.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such further relief as may be just and proper.

| | |
|---|---|
| Dated: April 11, 2025<br>Wilmington, Delaware | **Womble Bond Dickinson (US) LLP**<br><br>*/s/ Donald J. Detweiler*<br>Donald J. Detweiler (DE Bar No. 3087)<br>1313 N. Market Street, Suite 1200<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-4320<br>Facsimile: (302) 252-4330<br>Email: don.detweiler@wbd-us.com<br><br>-and-<br><br>Cathy A. Hinger<br>(admitted *pro hac vice*)<br>2001 K. Street NW<br>Suite 400 South<br>Washington, D.C. 20006<br>Telephone: (202) 467-6900<br>Facsimile: (202) 467-6910<br>Email: cathy.hinger@wbd-us.com<br><br>*Counsel for Chicken Soup for the Soul, LLC* |