**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al*.,<br><br>Debtors.[1] | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, CHAPTER 7 TRUSTEE,<br><br>Plaintiff.<br><br>v.<br><br>WILLIAM J. ROUHANA, JR., AMY L. NEWMARK, CHRISTOPHER MITCHELL, FRED M. COHEN, COSMO DENICOLA, MARTIN POMPADUR, CHRISTINA WEISS LURIE, DIANA WILKIN, VIKRAM SOMAYA, JASON MEIER, AMANDA R. EDWARDS, CHICKEN SOUP FOR THE SOUL PRODUCTIONS, LLC, CHICKEN SOUP FOR THE SOUL, LLC, CHICKEN SOUP FOR THE SOUL HOLDINGS, LLC,<br><br>Defendants. | Adv. Proc. No. 25-50399 (MFW) |

**OPPOSITION TO MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT FILED BY WILLIAM J. ROUHANA, JR., AMY L. NEWMARK, CHICKEN SOUP FOR THE SOUL PRODUCTIONS, LLC, CHICKEN SOUP FOR THE SOUL, LLC, AND CHICKEN SOUP FOR THE SOUL HOLDINGS, LLC**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprise, LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

4932-8439-7878.1 57100.00001

George L. Miller, the duly-appointed chapter 7 trustee of the above-captioned Debtors' estates (the "Trustee" or "Plaintiff"), hereby files this opposition to the *Motion to Extend the Time to Answer or Otherwise Respond to the Complaint* (the "Motion to Extend"), filed by Defendants William J. Rouhana, Jr., Amy L. Newmark, Chicken Soup For The Soul Productions, LLC, Chicken Soup For The Soul, LLC, and Chicken Soup For The Soul Holdings, LLC (the "Moving Defendants") [Adv. D.I. 6]. Concurrently herewith, the Trustee files the Declaration of Patricia Jeffries in support of this Opposition (the "Jeffries Declaration").

## PRELIMINARY STATEMENT

1.  As acknowledged in the Motion to Extend, in accordance with Delaware Local Bankruptcy Rule 7012-2, the Trustee offered the Moving Defendants a 28-day extension of time to answer or otherwise respond to the Complaint. The Trustee has indicated his willingness to stipulate to a 28-day extension of time and communicated this to all Defendants that contacted the Trustee. In fact, 28-day stipulations to extend the time to answer or otherwise respond (and to establish a coordinated briefing schedule for any motions to dismiss) were entered into and filed with the Court with respect to Defendants Fred M. Cohen, Martin Pompadur, Christina Weiss Lurie, Diana Wilkin, Cosmo DiNicola and Vikram Somaya [Adv. D.I. 5] and have been agreed to with respect to Defendant Amanda Edwards (the "Extension Stipulations"). This additional stipulated 28-days will provide a total of *58 days* for the Defendants to respond to the Complaint, until May 9, 2025. The Moving Defendants, however, instead filed the Motion to Extend, seeking, not a 28-day extension as agreed to by other Defendants, but a 60-day extension – until June 13, 2025 – which, if granted, would provide them with a period of *90 days* after the Complaint was served to answer or otherwise respond.

2. The Debtors' estates currently have no funding, and – absent recoveries through adversaries such as the relief sought by the Complaint – have no source of funding to distribute anything on account of unsecured creditor claims (including the employees who were gravely injured by the actions of the Defendants herein). The Trustee filed the Complaint as swiftly as possible and seeks to move this action forward in an expeditious fashion. The Trustee therefore objects to the requested 60-day extension as it is an unreasonably long demand which is not supported by the circumstances or the alleged "cause" set forth in the Motion to Extend. Contrary to the allegations in the Motion to Extend, and as discussed further herein:

- The Defendants were properly and timely served, and the Complaint has been in the counsel for the Moving Defendants' hands (via email courtesy copy) since its filing on March 12, 2025.

- The Complaint is not so complex as to prevent a timely response (and in fact includes a detailed recitation of the facts and, to the extent possible, includes citations to references supporting the allegations therein), and the Moving Defendants (and their counsel) are well aware of the grounds for the assertions made in the Complaint.

- The Moving Defendants have been actively involved in the Debtors' cases from the outset (*e.g.*, Rouhana was the first day declarant, both Rouhana and Chicken Soup For The Soul, LLC ("CSS") filed proofs of claims in the bankruptcy cases, and Rouhana and CSS objected to, and actively engaged in litigation with respect to, the retention of counsel by the Trustee for the purposes of, among other things, investigating and, if appropriate, prosecuting the claims contained in the Complaint).

- The Moving Defendants have at all relevant times been represented by their counsel, Womble Bond Dickinson (US) LLP – the same counsel representing them in connection with this adversary proceeding – which counsel is intimately familiar with the allegations raised against its clients by the Complaint.

- The potential for insurance coverage for Rouhana and Newmark does not constitute grounds for an extension of time to timely respond to the Complaint.

The Moving Defendants' request for a 90-day time frame in which to respond to the Complaint is not warranted. The Trustee, however, remains willing to stipulate to a 28-day extension and the concomitant briefing schedule as set forth in the Extension Stipulations.

Different response dates and scheduling, as the Moving Defendants propose, would place an undue burden on the Court and the Trustee, would negatively impact the Trustee's ability to prosecute the Complaint in an organized and streamlined fashion, and should be denied.

### BACKGROUND AND OVERVIEW OF THE ALLEGATIONS IN THE COMPLAINT

3. Prior to seeking bankruptcy protection in June 2024, Chicken Soup for the Soul Enterprises ("CSSE" or the "Company") and its related Debtors were victim of mismanagement and pillaging by insiders on a scale rarely seen with public companies. The Debtors were at all relevant times dominated and controlled by Rouhana, who directly and indirectly owned the majority of the Company's voting stock, served as the Chairman of the Company's board of directors (the "Board"), acted as its Chief Executive Officer and, along with Ms. Newmark, his wife and a member of the Board, owned and controlled the Debtors' non-debtor direct and indirect parents, CSS, Chicken Soup For The Soul Productions, LLC, and Chicken Soup For The Soul Holdings (together, the "CSSE Entities").

4. Although the Debtors reported net losses every year beginning in 2018, Rouhana treated the Debtors as his personal piggybank throughout, while neglecting the most basic corporate duties. As alleged in the Complaint, the Company's other directors and officers were conflicted, beholden to Rouhana, supine and failed to exercise independent judgment or to act in the interests of the Company.

5. As described more fully in the Complaint, the Defendants' misconduct included causing the Company to:

    (1)    pay to its controlling shareholder 10% of its net revenues each quarter, totaling over $55 million since 2020, notwithstanding the Company's insolvency and enormous losses during that period;

    (2)    pay tens of millions of dollars in dividends to its preferred shareholders when the Company was insolvent;

    (3)    assume hundreds of millions of dollars in debt that the Company had no ability to service in connection with the acquisition of an insolvent entity, solely on the basis of management's unreasonable projections (rather than those of the Company's retained financial advisor), and to obligate the Company to pay a portion of the acquired entity's revenues pursuant to insider management and licensing fee arrangements and, upon the consummation of the transaction, to purportedly release the Defendants from all claims in exchange for no consideration;

    (4)    enter into numerous licensing agreements with Rouhana's personal contacts and others for less than fair value; and

    (5)    fail to pay millions of dollars in employee wages, medical benefits, and payroll taxes, while transferring millions of dollars to the Company's shareholders.

6. On March 12, 2025, the Trustee filed the Complaint seeking redress for the harm caused to the Debtors' estates and its creditors, including through claims to (i) recover damages for the Defendants' negligence, gross negligence, bad faith and repeated breaches of fiduciary duties, including the duty of loyalty and duty of care, and for aiding and abetting these breaches of fiduciary duties; (ii) recover transfers made by the Company to its shareholders as fraudulent transfers and as illegal dividends under applicable law; (iii) avoid the agreement to release claims against the Defendants and the prejudicial intellectual property license agreements as fraudulent transfers; (iv) recover damages for the non-payment of employee wages, benefits, and payroll taxes; and (v) disallow and equitably subordinate any claims asserted by or on behalf of the Defendants in the Debtors' bankruptcy cases.

7. Contrary to the Moving Defendants' assertions, while the Complaint alleges that the Rouhana and the other Defendants' behavior destroyed the Company to the detriment of its creditors (including employees as the result of the non-payment of wages, medical benefits and

withholding taxes) – the causes of action (primarily breach of fiduciary duty and fraudulent transfer and related claims) and the level of complexity are not atypical and do not warrant a 90-day time period in which to answer or otherwise respond. This is especially the case for the Moving Defendants, who most directly participated in, and are most familiar with, the bad acts underlying the allegations in the Complaint.

<b><u>CAUSE DOES NOT EXIST FOR AN EXTENSION GREATER<br>THAN THE 28-DAY EXTENSION AGREED TO BY THE TRUSTEE</u></b>

**A.** **<u>The Defendants Were Properly Served</u>**.

8. The Moving Defendants acknowledge that Rouhana and Newmark were properly served with the Complaint and Summons on March 13, 2025. The Moving Defendants, however, assert that service was not properly effectuated with respect to the CSS Entities (which entities are wholly owned and controlled by Rouhana and Newmark and have the same counsel), asserting that (a) no services package has been delivered to the CSS Entities' office address (132 East Putnam Avenue, Cos Cob, CT, 06807), and (b) service on the Connecticut Secretary of State has not resulted in service on the CSS Entities.[2] The Moving Defendants are incorrect.

9. As set forth in the Jeffries Declaration, and as described in further detail in the certificate of service attached to the Summons [Adv. D.I. 3]:

    a.    Each of the individual Defendants was served at his or her personal residence and personal email, if available.

    b.    Each of the individual Defendants who was an officer of CSSE was also served at the headquarters address of CSSE as listed on the Connecticut Secretary of State's ("<u>CT SoS</u>") webpage,[3] and care of the State of

---

[2] The Moving Defendants also raise potential service issues relating to other Defendants who are not parties to the Motion to Extend. The Trustee has entered into the Extension Stipulations with the majority of the other Defendants, and is willing to stipulate to a 28-day extension for the two remaining Defendants that have not yet reached out to the Trustee to request an extension or timely filed a motion to extend.

[3] The Delaware Secretary of State's website does not identify the principal place of business. *See* **Exhibit 1**. The corporate address for CSSE is listed on the CT SoS' website as 132 East Putnam Avenue, 2nd Floor, Cos Cob, CT, 06807. Service of the Summons & Complaint were returned by the United States Postal Service to the Trustee with

    Delaware Division of Corporations pursuant to 10 Delaware Code § 3114, as there is no registered agent identified for CSSE. *See* **Exhibit 1** attached to the Jeffries Declaration.

  c. Each of the CSS Entities was served care of the CT SoS, as the registered agent for each of the CSS Entities had resigned effective November 27, 2024. *See* **Exhibit 3** attached to the Jeffries Declaration.

  d. Each of the CSS Entities were also served to the attention of each of the individual Managers at the corporate office address listed on the CT SoS.

  e. On March 24, 2025, eleven days after service of the Summons and Complaint, each of the CSS Entities filed a *Change of Agent* with the CT SoS. *See* **Exhibit 4** attached to the Jeffries Declaration.

  f. Each of the CSS Entities was served at the address set forth on the proofs of claim filed by CSS, *et al.* and Rouhana in the bankruptcy cases. *See* **Exhibits 5 and 6** attached to the Jeffries Declaration.

10. To the extent the Moving Defendants assert that the CSS Entities did not actually "receive" the Summons and Complaint at their Cos Cob address, it was likely not due to a delivery issue, as the CSS Entities' office is clearly marked, as demonstrated by the below photo of the building signage outside the entryway.



---

a notation "forwarding order expired" and identified the new forwarding address for CSSE as c/o Redbox Entertainment LLC, 1628 John F. Kennedy Blvd. Ste. 950, Philadelphia, PA 19103-2110 (the "<u>Forwarding Address</u>"). *See* **Exhibit 2** attached to the Jeffries Declaration. The Trustee re-served certain of the Defendants at the Forwarding Address on April 3, 2024. *See* Adv. D.I. 4.

11.     Counsel for the Moving Defendants was also provided with a courtesy copy of the Complaint via email on March 12, 2025.

B.     **The Claims in the Complaint are Not Atypical or Overly Complex**.

12.     The Moving Defendants assert that they need a period of ***90 days*** to file an answer or otherwise respond to the Complaint due to the "complexity" of the claims contained therein and the assertion that the Moving Defendants may have differing defenses. Notably, there is no specificity in support of this assertion of "complexity." The Complaint lays out, with significant detail and references to factual support, that the behavior of the Defendants was egregious, and resulted in significant harm to the Company and its creditors and employees. The claims, however, are not atypical, but sound in breach of fiduciary duty, fraudulent transfer and related causes of action. The causes of action are not novel, but are governed by developed legal standards. Moreover, the Moving Defendants were intimately involved with the wrongdoing at issue in the Complaint, and counsel for the Moving Defendants are well-aware of the facts and circumstances at issue in the Complaint.

C.     **The Moving Defendants and Their Counsel Have Been Actively Involved in the Bankruptcy Cases From the Outset**.

13.     The Moving Defendants are far from being strangers to these proceedings. They have been actively involved in the Debtors' cases from their commencement. For example, Rouhana was in control of the Debtors prior to the bankruptcy filing and was first day declarant. [BK D.I. 7]. Both Rouhana and CSS, *et al.,* filed proofs of claims in the bankruptcy cases. *See* **Exhibits 5 and 6** to the Jeffries Declaration. Indeed, Rohana and CSS objected to, and actively engaged in litigation with respect to, the retention of counsel by the Trustee for the purposes of, among other things, investigating and, if appropriate, prosecuting the claims contained in the Complaint. [*See e.g.,* BK D.I. 283].

14. The Moving Defendants have at all times during the bankruptcy cases been represented by their counsel, Womble Bond Dickinson (US) LLP – the same counsel representing them in connection with this adversary proceeding. The Womble firm is intimately familiar with the allegations raised against its clients by the Complaint, and has appeared in the bankruptcy cases on behalf of its clients.

D. **The Prospect of Insurance Coverage for Rouhana and Newmark Does Not Provide Grounds For the Requested Extension**.

15. The Moving Defendants assert that the potential existence of insurance coverage for Rouhana and Newmark supports the requested extension. Not surprisingly, the Moving Defendants provide no support for their assertion that potential insurance coverage provides them with an excuse to not timely respond to the Complaint within the statutory deadlines.

## CONCLUSION

16. The Moving Defendants' request for a 90-day time frame in which to respond to the Complaint is overly long and not warranted. The Trustee, however, remains willing to stipulate to a 28-day extension and the same briefing schedule as set forth in the Extension Stipulations (*i.e.,* answer or other response due May 9, 2025, with a response deadline of 28 days following the filing of any motion to dismiss, and any reply due 14 days thereafter). Different response dates and scheduling, as the Moving Defendants propose, would place an undue burden on the Court and the Trustee, would negatively impact the Trustee's ability to prosecute the Complaint in an organized and streamlined fashion, and should be denied.

Dated: April 16, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Steven W. Golden*
---

Richard M. Pachulski (admitted *pro hac vice*)
Alan J. Kornfeld (admitted *pro hac vice*)
Steven W. Golden (DE Bar No. 6807)
Tavi C. Flanagan (admitted *pro hac vice*)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:  rpachulski@pszjlaw.com
           akornfeld@pszjlaw.com
           sgolden@pszjlaw.com
           tflanagan@pszjlaw.com

*Counsel to George L. Miller, Chapter 7 Trustee*