## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al.*,[1] | Case No. 24-11442 (MFW) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, CHAPTER 7 TRUSTEE, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 25-50399 (MFW) |
| WILLIAM J. ROUHANA, JR., AMY L. NEWMARK, CHRISTOPHER MITCHELL, FRED M. COHEN, COSMO DENICOLA, MARTIN POMPADUR, CHRISTINA WEISS LURIE, DIANA WILKIN, VIKRAM SOMAYA, JASON MEIER, AMANDA R. EDWARDS, CHICKEN SOUP FOR THE SOUL PRODUCTIONS, LLC, CHICKEN SOUP FOR THE SOUL, LLC, CHICKEN SOUP FOR THE SOUL HOLDINGS, LLC, | |
| Defendants. | |

**MOTION OF DEFENDANTS WILLIAM J. ROUHANA, JR., AMY NEWMARK, CHICKEN SOUP FOR THE SOUL, LLC, CHICKEN SOUP FOR THE SOUL PRODUCTIONS, LLC AND CHICKEN SOUP FOR THE SOUL HOLDINGS, LLC ("MOVANTS") FOR LEAVE TO EXCEED THE PAGE LIMIT REQUIREMENT FOR MOVANTS' RESPECTIVE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant William J. Rouhana, Jr. ("Mr. Rouhana"), Amy Newmark ("Ms. Newmark"),

Chicken Soup for the Soul, LLC ("CSS"), Chicken Soup for the Soul Productions, LLC ("CSSP")

---

[1]  The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

and Chicken Soup for the Soul Holdings, Inc. ("CSSH" together with CSS and CSSP are referred to as the "CSS Entities," while and the CSS Entities together with Mr. Rouhana and Ms. Newmark are collectively referred to as the "Movants"), respectfully file this motion (the "Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing Movants to exceed the page limit requirement for the Memorandum of Law each Movant intends to file in support of their respective Motion to Dismiss Plaintiff's Complaint (the "Memorandum of Law"), and in support thereof states as follows:

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Movants do not consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Rule 1001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1001-1 and 7007-2.

## BACKGROUND

4.      On March 12, 2025, George L. Miller, the duly appointed chapter 7 trustee of the above-captioned Debtors' estates (the "Trustee" or "Plaintiff"), filed a complaint against Movants and certain other defendants [Docket No. 1] (the "Complaint").

5.      On May 12, 2025, the Court entered the *Order Approving Stipulated Scheduling Order* [Adv. Pro. No. 24] approving a stipulation providing that any defendant shall answer, move or otherwise respond to the Complaint on or before July 11, 2025.

6.      Movants have conferred with the Trustee's counsel and have advised that Movants intend to file three separate (3) Motions to Dismiss the Complaint.  Specifically, Mr. Rouhana (individually), Ms. Newmark (individually), and the CSS Entities (collectively) will file separate Motions to Dismiss with accompanying Memorandum of Law in Support of their respective Motions to Dismiss.

7.      Given the issues presented by the thirteen (13) count Complaint, Movants believe they will need to exceed the forty-five (45) page limitation prescribed by Local Rule 7007-2 in connection with their respective Memorandum of Law in support of their Motions to Dismiss.

8.      The Trustee has agreed to the requested page extensions, and Movants agreed to extend a similar forty-five (45) page limit to the Trustee in connection with any Memorandum of Law the Trustee may file in response to Movants' respective Motions to Dismiss.

## BASIS FOR RELIEF

9.      Local Rule 7007-2(a)(iv) provides that, [w]ithout leave of Court, no opening or answering brief shall exceed thirty (30) pages." Del. Bankr. L.R. 7007-2(a)(iv).

10.     Movants seek to exceed the thirty (30) page limit as the 150 page, 189 paragraph, and 13 Count Complaint raises a wide range of factual and legal issues dating back two (2) years or more.  The requested extension is necessary and appropriate and will aid the Court in addressing the factual and legal issues raised in the Complaint.

11.     Bankruptcy Rule 1001 provides that the Bankruptcy Rules "shall be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every case and proceeding."  Fed. R. Bankr. P. 1001. Further, Local Rule 1001-

1(c) provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice." Del. Bankr. L.R. 1001-1(c).

12.    Movants respectfully submit the requested page extension will aid the Court, and the parties, in securing a just, speedy and inexpensive determination of the adversary action. Moreover, the Trustee consents to the relief requested, with a similar page extension being granted to the Trustee in connection with any answering brief the Trustee may file in response to Movants' briefs.

13.    For these reasons, Movants respectfully request that the Court authorize Movants to file a Memo of Law of up to 45 pages.

## **NOTICE**

14.    Movants will provide notice of this Motion to the parties to the above referenced adversary proceeding.  Mr. Rouhana submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

15.    No prior request for the relief requested herein has been made to this Court or any other court.

WHEREFORE, the Movants respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems proper and just.

Dated: July 8, 2025
Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Donald J. Detweiler*
Donald J. Detweiler (DE Bar No. 3087)
1313 N. Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email: don.detweiler@wbd-us.com

4

-and-

Cathy A. Hinger
(admitted *pro hac vice)*
2001 K. Street NW
Suite 400 South
Washington, D.C. 20006
Telephone: (202) 467-6900
Facsimile:  (202) 467-6910
Email: cathy.hinger@wbd-us.com

*Counsel for William J. Rouhana, J,  Amy L. Newmark*
*Chicken Soup for the Soul Productions, LLC,*
*Chicken Soup for the Soul, LLC and Chicken Soup*
*for the Soul Holdings, LLC*