## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT INC., *et al.*,[1]<br><br>        Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, CHAPTER 7 TRUSTEE,<br><br>        Plaintiff,<br><br>v.<br><br>WILLIAM J. ROUHANA, JR., AMY L. NEWMARK, CHRISTOPHER MITCHELL, FRED M. COHEN, COSMO DENICOLA, MARTIN POMPADUR, CHRISTINA WEISS LURIE, DIANA WILKIN, VIKRAM SOMAYA, JASON MEIER, AMANDA R. EDWARDS, CHICKEN SOUP FOR THE SOUL PRODUCTIONS, LLC, CHICKEN SOUP FOR THE SOUL, LLC, CHICKEN SOUP FOR THE SOUL HOLDINGS, LLC,<br><br>        Defendants. | Adv. Pro. No. 25-50399 (MFW)<br><br><br><br><br><br><br><br><br><br>**Re: Docket No. 29** |

### AMENDED MOTION OF DEFENDANTS WILLIAM J. ROUHANA, JR., AMY NEWMARK, CHICKEN SOUP FOR THE SOUL, LLC, CHICKEN SOUP FOR THE SOUL PRODUCTIONS, LLC AND CHICKEN SOUP FOR THE SOUL HOLDINGS, LLC ("MOVANTS") FOR LEAVE TO EXCEED THE PAGE LIMIT REQUIREMENT FOR MOVANTS' RESPECTIVE MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant William J. Rouhana, Jr. ("Mr. Rouhana"), Amy Newmark ("Ms. Newmark"),

Chicken Soup for the Soul, LLC ("CSS"), Chicken Soup for the Soul Productions, LLC ("CSSP")

---

[1]  The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

and Chicken Soup for the Soul Holdings, Inc. ("CSSH" together with CSS and CSSP are referred to as the "CSS Entities," while and the CSS Entities together with Mr. Rouhana and Ms. Newmark are collectively referred to as the "Movants"), respectfully file this amended motion (the "Amended Motion"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), granting: (i) Movants permission to exceed the thirty (30) page limit requirement set forth in the Local Rule 7007-2(a)(iv) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the Memorandum of Law each Movant intends to file in support of their respective Motion to Dismiss Plaintiff's Complaint (the "Memorandum of Law"), (ii) George L. Miller, the duly appointed chapter 7 trustee of the above-captioned Debtors' estates (the "Trustee" or "Plaintiff") permission to exceed the thirty (30) page limit requirement under Local Rule 7007-2(a)(iv) for any Memorandum of Law that the Trustee may file in response to any Memorandum of Law filed by Movants; and (iii) the Defendants permission to adopt and incorporate by reference an argument of any other co-defendant, without having such adopted and incorporated argument count against such co-defendant's page limit, which, for the avoidance of doubt, shall be forty-five (45) pages for any Memorandum of Law filed by a Movant or the Trustee, and thirty (30) pages for any other co-defendant.  In support of this Amended Motion Movants respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Movants do not consent to the entry of a final order by the Court in connection with

this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.        Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        The statutory bases for the relief requested herein are Rule 1001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 1001-1 and 7007-2.

## BACKGROUND

4.        On March 12, 2025, the Trustee filed a complaint against Movants and certain other defendants [Docket No. 1] (the "Complaint").

5.        On May 12, 2025, the Court entered the *Order Approving Stipulated Scheduling Order* [Adv. Pro. No. 24] approving a stipulation providing that any defendant shall answer, move or otherwise respond to the Complaint on or before July 11, 2025.

6.        Movants have conferred with the Trustee's counsel and advised Trustee's counsel that Movants intend to file three separate (3) Motions to Dismiss the Complaint.  Specifically, Mr. Rouhana (individually), Ms. Newmark (individually), and the CSS Entities (collectively) will file separate Motions to Dismiss with accompanying Memorandum of Law in Support of their respective Motions to Dismiss.

7.        Movants have also conferred with the Trustee's counsel and counsel to the co-defendants' in connection with the co-defendants' request to potentially adopt and incorporate by reference an argument of any other co-defendant in such co-defendants' respective Memorandum of Law in Support of Motion to Dismiss, without having such adopted and incorporated argument count against the respective thirty (30) page limit requirement applicable to such co-defendants' Memorandum of Law in Support of Motion to Dismiss.  Given the issues presented by the thirteen (13) count Complaint, Movants believe they will need to exceed the forty-five (45) page limitation

prescribed by Local Rule 7007-2(a)(iv) in connection with their respective Memorandum of Law in support of their Motions to Dismiss.

8.      Subject to approval of the Court, the Trustee has agreed to Movants' requested page extensions, while Movants have agreed to extend a similar forty-five (45) page limit to the Trustee in connection with any Memorandum of Law the Trustee may file in response to Movants' respective Motions to Dismiss.  The Movants, Trustee and co-defendants have further agreed that the co-defendants may adopt and incorporate by reference an argument of any other co-defendant, without having such adopted and incorporated argument count against such co-defendant's page limit, which, for the avoidance of doubt, shall be forty-five (45) pages for any Memorandum of Law filed by a Movant or the Trustee, and thirty (30) pages for any other co-defendant.

## BASIS FOR RELIEF

9.      Local Rule 7007-2(a)(iv) provides that, [w]ithout leave of Court, no opening or answering brief shall exceed thirty (30) pages." Del. Bankr. L.R. 7007-2(a)(iv).

10.     Movants seek to exceed the thirty (30) page limit as the 150 page, 189 paragraph, and 13 Count Complaint raises a wide range of factual and legal issues dating back two (2) years or more.  The requested extension is necessary and appropriate and will aid the Court in addressing the factual and legal issues raised in the Complaint.

11.     Bankruptcy Rule 1001 provides that the Bankruptcy Rules "shall be construed, administered, and employed by the court and parties to secure the just, speedy, and inexpensive determination of every case and proceeding."  Fed. R. Bankr. P. 1001. Further, Local Rule 1001-1(c) provides that "[t]he application of these Local Rules in any case or proceeding may be modified by the Court in the interest of justice."  Del. Bankr. L.R. 1001-1(c).

12.     Movants respectfully submit the requested page extension will aid the Court, and the parties, in securing a just, speedy and inexpensive determination of the adversary action.

Moreover, the Trustee consents to the relief requested, with a similar page extension being granted to the Trustee in connection with any answering brief the Trustee may file in response to Movants' briefs.

13.    On July 7, 2025 Movants filed their initial *Motion for Leave to Exceed Page Limit Requirements* (the "Initial Motion"; D.I. 29) with the Court.  Following the filing, Movants' counsel conferred with Trustee's counsel and co-defendants counsel, and counsel collectively agreed, in hopes of streamlining briefing, that the co-defendants may adopt and incorporate by reference an argument of any other co-defendant, without having such adopted and incorporated argument count against such co-defendant's page limit requirements under Local Rule 7007-2(a)(iv), provided however, that co-defendants page limit requirements shall not exceed the thirty (30) pages.

14.    The parties believe the relief requested by this Amended Motion will aid and assist the Court in the Court's consideration and determination of the defendants' respective Motions to Dismiss.

## NOTICE

15.    Movants will provide notice of this Amended Motion to the parties to the above referenced adversary proceeding.  Movants submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

15.    Other than the Initial Motion, no o prior request for the relief requested herein has been made to this Court or any other Court.

WHEREFORE, the Movants respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems proper and just.

Dated: July 11, 2025
Wilmington, Delaware

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Donald J. Detweiler*
Donald J. Detweiler (DE Bar No. 3087)
1313 N. Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile:  (302) 252-4330
Email: don.detweiler@wbd-us.com

-and-

Cathy A. Hinger
(admitted *pro hac vice*)
2001 K. Street NW
Suite 400 South
Washington, D.C. 20006
Telephone: (202) 467-6900
Facsimile:  (202) 467-6910
Email: cathy.hinger@wbd-us.com

*Counsel for William J. Rouhana, J, Amy L. Newmark Chicken Soup for the Soul Productions, LLC, Chicken Soup for the Soul, LLC and Chicken Soup for the Soul Holdings, LLC*