# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., *et al.*,<br><br>                    Debtors.[1] | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, CHAPTER 7 TRUSTEE,<br><br>                    Plaintiff.<br><br>v.<br><br>WILLIAM J. ROUHANA, JR., AMY L. NEWMARK, CHRISTOPHER MITCHELL, FRED M. COHEN, COSMO DENICOLA, MARTIN POMPADUR, CHRISTINA WEISS LURIE, DIANA WILKIN, VIKRAM SOMAYA, JASON MEIER, AMANDA R. EDWARDS, CHICKEN SOUP FOR THE SOUL PRODUCTIONS, LLC, CHICKEN SOUP FOR THE SOUL, LLC, CHICKEN SOUP FOR THE SOUL HOLDINGS, LLC,<br><br>                    Defendants. | Adv. Proc. No. 25-ap-50399 (MFW)<br><br>Re:  Adv. D.I. 1, 34, 51, 52 |

**REPLY BRIEF IN FURTHER SUPPORT OF**
**DEFENDANT AMANDA R. EDWARDS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprise, LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

Dated:  September 26, 2025                **HALLORAN FARKAS + KITTILA LLP**

By : */s/ William E. Green, Jr.*
William E. Green, Jr., Esq. (No. 4864)
*wg@hfk.law*
James G. McMillan, III, Esq. (No. 3979)
*jm@hfk.law*
5722 Kennett Pike
Wilmington, Delaware 19807
Telephone: (302) 268-6875

*Co-counsel to Defendant Amanda R. Edwards*


**ELLIOTT KWOK LEVINE JAROSLAW NEILS LLP**

By : */s/ Jared R. Clark*
Jared R. Clark, Esq.
*jclark@ekljnlaw.com*
Lynn A. Neils, Esq.
*lneils@ekljnlaw.com*
One Grand Central Place
60 East 42nd Street, Suite 1570
New York, New York 10165
Telephone: (212) 321-0510

*Co-counsel to Defendant Amanda R. Edwards*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 3

    I.    THE OPPOSITION BRIEFS DO NOTHING TO REFUTE THE IMPROPER GROUP PLEADING, WARRANTING DISMISSAL OF THE CLAIMS AGAINST EDWARDS. ...... 3

    II.    THE TRUSTEE'S ARGUMENT THAT EDWARDS HAS TAKEN INTERNALLY INCONSISTENT POSITIONS LACKS MERIT. ................................................................... 7

    III.    THE TRUSTEE HAS PLEADED LITERALLY NOTHING REGARDING EDWARDS WITH RESPECT TO ANY CLAIMS UNRELATED TO THE REDBOX MERGER. .................................................................................................................................. 9

CONCLUSION ............................................................................................................................. 10

**TABLE OF AUTHORITIES**

**CASES**

*Balasiano v. Borell (In re Furniture Factory Ultimate Holding, L.P.)*,
   Case No. 20-12816 (JKS), Adv. Pro. No. 22-50390 (JKS),
   2023 WL 5662747 (Bankr., D. Del. Aug. 31, 2023) ................................................................ 6

*Buchwald Capital Advisors LLC v. Schoen (In re OPP Liquidating Co., Inc.*),
   Case No. 19-10729 (MFW), Adv. Proc. No. 21-50431 (MFW),
   2022 WL 774063 (Bankr., D. Del. Mar. 14, 2022) ................................................................. 7

*Continuing Creditors' Comm. of Star Telecomms. Inc. v. Edgecomb*,
   385 F. Supp. 2d 449 (D. Del. 2004) ........................................................................................ 3

*Hurwitz v. Mahoney (In re Space Case f/k/a Masten Space Systems, Inc.)*,
   Case No. 22-10657 (BLS), Adv. Pro. No. 23-50748 (BLS),
   2024 WL 1628440 (Bankr. D. Del. April 15, 2024) ................................................................ 5

*In re Bridgeport Holdings, Inc.*, 388 B.R. 548 (Bankr. D. Del. 2008) ...................................... 3, 4

**RULES**

Fed. R. Bankr. P. 7012 ................................................................................................................. 1
Fed. R. Civ. P. 12(b)(6) ................................................................................................................ 1

Defendant Amanda R. Edwards ("Defendant" or "Edwards") respectfully submits this reply brief (this "Reply Brief") in further support of her motion to dismiss (the "Motion" or "Motion to Dismiss") the Complaint (Adv. Proc. D.I. 1, the "Complaint") in its entirety with prejudice for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure.

## PRELIMINARY STATEMENT[1]

Like the Complaint, the Trustee's opposition briefs[2] barely mention Edwards. This, despite the fact that Edwards' opening brief[3] walked through the entirety of the threadbare, conclusory allegations against her in the Complaint. As the Trustee knows, Edwards is a young woman who joined the Chicken Soup network shortly after graduating from college. Given the lack of information about her in the Complaint, the mere fact that during the relevant time period, Edwards served Rouhana in some amorphous administrative capacity as his "Chief of Staff" – with no indication of any improper conduct on her part – does not warrant naming her as a defendant in this case.

In eighty-five pages of briefing, the Opposition Briefs mention Edwards, as distinct from her arguments on the Motion to Dismiss, a total of six times. Not one of those instances attempts to explain what specific misconduct Edwards is supposed to have committed. The only remotely specific allegation in the Complaint about Edwards is that she, along with Defendants Mitchell

---

[1] All capitalized terms not defined herein have the definitions ascribed to them in the Complaint.

[2] Opposition Brief No. I (Adv. Proc. D.I. 51, "TTE Opp. I") and Opposition Brief No. II (Adv. Proc. D.I. 52, "TTE Opp. II"; collectively with TTE Opp. I, the "Opposition Briefs").

[3] Opening Brief in Support of Motion to Dismiss (Adv. Proc. D.I. 34, the "Opening Brief").

and Meier, somehow assisted with the preparation of unduly optimistic projections regarding the anticipated results of the Redbox Merger. But there is no reason to suppose that – even if the projections were overly optimistic – Edwards would have had any way to know that, even if she did help prepare them in some ministerial way that is nowhere actually pleaded in the Complaint.

As explained in her Opening Brief, Edwards was alleged only to have been Rouhana's Chief of Staff (whatever that means) until May of 2022. The Redbox Merger was signed on May 10, 2022. So, even if Edwards became a Senior Vice President (whatever that means), in addition to Rouhana's and/or the Company's Chief of Staff, in May 2022, that sheds absolutely no light on what role, if any, she played in the preparation of projections in connection with the Redbox Merger, or in any other aspect of the merger.

The Trustee concedes that he does not know what Edwards did, noting that "additional details regarding her titles and roles, and the precise timing thereof, will be the subject of discovery." TTE Opp. I, at 30-31. Yet, he argues that his allegation that Edwards was "an officer" is "plausible." *Id*. at 31. Even if that were the case, it would not show that she had any role with the Redbox Merger, let alone an improper one. And as for the claims for conduct unrelated to the Redbox Merger (e.g., allegedly improper dividends, non-payment of wages and benefits, etc.), there is literally **nothing** in the Complaint about Edwards, or what she supposedly did, or how any of that conduct related to what her responsibilities were, or what she was authorized to do.

The Trustee apparently hopes that simply by alleging that Edwards was Rouhana's "right hand person" (TTE Opp. I, at 3), the Court will decline to dismiss the claims against her. This purely conclusory -- and extremely vague -- allegation should not suffice to keep Edwards in this case.

2

Edwards respectfully submits that the Complaint should be dismissed against her, with prejudice, in light of the access the Trustee has had to the Company's books and records for many months now, combined with his failure to plead any particular misconduct allegedly committed by Edwards.

## ARGUMENT

**I.    THE OPPOSITION BRIEFS DO NOTHING TO REFUTE THE IMPROPER GROUP PLEADING, WARRANTING DISMISSAL OF THE CLAIMS AGAINST EDWARDS.**

The Trustee concedes that allegations of a complaint must be "sufficient to put [the defendant] on notice of the specific conduct that gives rise to the breach of fiduciary duty claims asserted against them." TTE Opp. I, at 14. He further argues that lumping defendants into a group is appropriate where multiple officers were engaged in the "same conduct." *Id*. at 15. But even the Trustee does not allege that Edwards was a director of the Company. So how can she be alleged to have engaged in the "same conduct" as the directors? She plainly cannot. In essence, the Trustee argues that merely because she **may** have been some sort of officer, Edwards should be a defendant in this case. She should not.

> Different corporate offices obviously hold different responsibilities. For example, the responsibilities of a Vice President of Marketing are not the same as those of a General Counsel. Without stating which office and which responsibilities each defendant allegedly held, it is not possible to discern what a particular defendant did or failed to do in the exercise of due care in his capacity as holder of that office. In particular, it cannot be said that every officer – regardless of office or scope of duties – was required to have undertaken actions to effect a more informed and orderly sale of [certain assets].

*In re Bridgeport Holdings, Inc.*, 388 B.R. 548, 573 (Bankr. D. Del. 2008); *see Continuing Creditors' Comm. of Star Telecomms. Inc. v. Edgecomb*, 385 F. Supp. 2d 449, 462 (D. Del. 2004) (dismissing claims against CFO and EVP of Operation and Engineering where only facts

3

pleaded against them were their titles, dates of service, and that one of them never attended a board meeting).

Furthermore:

> It cannot be said that generic corporate officers have a duty to oversee a company's chief operating officer, which is the position [defendant] Ramaekers held.  For example, **it is not the responsibility of a company's vice president of marketing or a company's general counsel to oversee the actions of the chief operating officer in implementing a business strategy**.  Selling the Assets was squarely within the scope of strategies [defendant] Ramaekers was hired to execute.  It was highly unlikely that it was the responsibility of other officers to oversee, supervise or second-guess Ramaekers' performance of his job.

*In re Bridgeport Holdings, Inc.*, 388 B.R. at 574-75 (emphasis added).  Edwards respectfully submits that this analysis is even more compelling with respect to her responsibilities as a "Chief of Staff" or a generic "Senior Vice President" vis-à-vis those of a CEO negotiating a merger.

Assisting with preparation of unreasonably optimistic projections in connection with the Redbox Merger is the only remotely specific allegation against Edwards, who was only a "Chief of Staff" and/or "Senior Vice President"[4] when that transaction was being negotiated and/or closed.  The Trustee appears to concede that the title "Chief of Staff" is not a common title in private companies and does not give the Court any understanding of that role at a private company, but the Trustee does nothing to explain the role of a "Chief of Staff" with a public company.  Instead, the Trustee argues that this situation "simply highlights that there are unresolved factual issues."  *See* TTE Opp. I, at 30, n.31.  Respectfully, it does not.  Rather, it highlights the fact that the Trustee has included Edwards as a defendant in this case without even

---

[4]   Paragraph 20 of the Complaint alleges that since 2017, Edwards was "Chief of Staff for Rouhana," and that "for the period May 2022 through December 2023, Edwards served as the Company's Senior Vice President and Chief of Staff."

attempting to know what her job responsibilities entailed.[5]  Thus, he cannot properly assert claims against her for breach of fiduciary duty or the aiding and abetting of same.

The Trustee also concedes that Company's minutes typically do not allege particular conduct by a given director or officer.  TTE Opp. I, at 15.  While such minutes may conceivably support claims against directors, or perhaps officers whose duties are generally known, it does nothing to suggest that Edwards somehow participated.  For example, in TTE Opp. 1, at 15, the Trustee talks about the "Board" and "Management" appearing in undifferentiated fashion in the Company's minutes.  But Edwards – in her alleged capacity as either Rouhana's or the Company's "Chief of Staff" obviously was not on the Board at any time while the Redbox Merger was being negotiated and/or closed.  And even if Edwards, by becoming "Chief of Staff" and a generic "Senior Vice President" of the Company at some indeterminate time in "May 2022" somehow became "Management," the Trustee still fails to plead what responsibilities she had by these titles, or how she was in any way involved in the Redbox Merger or any other transaction identified in the Complaint.

As set forth in Edwards' Opening Brief, any claim for aiding and abetting must assert that the alleged defendant's conduct was "knowing."  *See, e.g., Hurwitz v. Mahoney (In re Space Case f/k/a Masten Space Systems, Inc.)*, Case No. 22-10657 (BLS), Adv. Pro. No. 23-50748 (BLS), 2024 WL 1628440, at *10 (Bankr. D. Del. April 15, 2024).  Nothing in the Complaint

---

[5]  The Trustee seems to prefer a "shoot first, ask questions later" approach to litigation, and asserts that he requires discovery about Edwards' title and roles, among other things.  TTE Opp. I, at 5, 10 & n.7, 15-16, 30-31.  Yet the Trustee had access to all of the Company's books and records (including, presumably, the Company's email and document systems) for months between the date he was appointed and the date he filed his Complaint – all of which would have given him this information.  This Court should not excuse the Trustee's failure to conduct available pre-filing due diligence and his corresponding failure to draft a Complaint that alleges actual *facts* to show that Edwards is appropriately a defendant.

specifies why Edwards should have known that any Redbox Merger projections were overly optimistic, nor can this information be inferred from her nondescript job titles.

The cases cited by the Trustee to justify why his pleaded allegations against Edwards are sufficient instead further demonstrate why the causes of action asserted against her should be dismissed. For example, the Trustee cites *Balasiano v. Borell (In re Furniture Factory Ultimate Holding, L.P.),* Case No. 20-12816 (JKS), Adv. Pro. No. 22-50390 (JKS), 2023 WL 5662747 (Bankr., D. Del. Aug. 31, 2023), to support his argument that the "group pleading" in his Complaint sufficiently sets forth the "dates, parties, and actions or inactions" of each Defendant. In *Furniture Factory*, the court denied the motion to dismiss based on group pleading, finding that the complaint identified the "dates, parties, and actions or inactions" of each director or officer:

> For each of the Fiduciary Duty Counts, the Trustee identifies a separate set of specific directors and officers involved in the particular Count. Each Count is tied to a subset of the total D&Os and coupled with a particular set of facts. More specifically, in Count 1 the Trustee alleges that five of the eight D&Os (the Kentucky Acquisitions D&Os) were responsible for overseeing and approving the Kentucky Acquisition. In similar fashion, Count 2 names the Transfer D&Os and Count 3 names the Insider Loan D&Os and each count is accompanied by a different set of facts and alleged wrongdoings.

*Furniture Factory*, 2023 WL 5662747, at *11. In contrast to this level of specificity, the only facts that the Trustee pleads against Edwards are her alleged titles and the time periods in which she held them (Complaint, ¶ 20), and that she was part of "management" that prepared unrealistic business projections (*id.*, ¶¶ 29, 43, 57). Nothing in these allegations demonstrates what Edwards was responsible for doing concerning these projections, and certainly nothing in the Complaint sets forth Edwards' supposed actions or inactions, or the dates on which she did or failed to do them.

The Trustee's reliance on *Buchwald Capital Advisors LLC v. Schoen (In re OPP*

6

*Liquidating Co., Inc.*), Case No. 19-10729 (MFW), Adv. Proc. No. 21-50431 (MFW), 2022 WL 774063 (Bankr., D. Del. Mar. 14, 2022), as support for his claims against Edwards similarly is misplaced.  There, the court found that the amended complaint sufficiently set forth facts concerning the actions or inactions of the CFO Defendants to state claims for breach of fiduciary duty and to defeat the motion to dismiss.  *Id*. at *7-*8.  Again, this contrasts with the dearth of particular allegations in the Complaint concerning what Edwards supposedly did or failed to do.[6]

Given the lack of:  (i) any specific information about alleged misconduct by Edwards; and (ii) any allegation that she should have had reason to know that any projections in connection with the Redbox Merger were overly optimistic, the Third and Fifth Claims for Relief against Edwards for breach of fiduciary duty and aiding and abetting breach of fiduciary duty should be dismissed.  Similarly, for these reasons and for the reasons set forth in Edwards' Opening Brief, this lack of specific allegations in the Complaint similarly dooms the Eighth through Thirteenth Claims for Relief against Edwards.

## II. THE TRUSTEE'S ARGUMENT THAT EDWARDS HAS TAKEN INTERNALLY INCONSISTENT POSITIONS LACKS MERIT.

The Trustee argues that Edwards has taken "internally inconsistent" positions by arguing that the Insider Releases covered her, because those releases covered "claims against the Company's directors, officers and managers) …."  TTE Opp. I, at 30.  This argument is both misleading and wrong for several reasons.

---

[6] The Amended Complaint in *In re OPP Liquidating Co.* is publicly available on the Court's PACER docket at https://ecf.deb.uscourts.gov/cgi-bin/show_multidocs.pl?caseid=184988&arr_de_seq_nums=98&magic_num=MAGIC&pdf_header=1&pdf_toggle_value=1&exclude_attachments=19920239&zipit=0&arr_de_seq_nums=98&create_roa=&bates_format=&dkt=&got_receipt=1.  The contrast between the specificity of the allegations against the officer defendants in that case and the allegations of the Trustee's Complaint against Edwards in this proceeding is stark.

First, the Trustee has **alleged** that Edwards was an officer. On this Motion to Dismiss, where the allegations of the Complaint are taken as true, albeit solely for the purpose of deciding the Motion, even if the releases only covered directors, officers, and management – which is not the case – Edwards' argument that she is covered by them is a valid challenge to the adequacy of the Complaint based on the Trustee's pleading. Second, that Edwards disputes that she was an officer does not preclude her from claiming the protections of the Insider Releases, as they expressly cover "employees," "representatives," and "agents," as well as directors, officers, and managers.[7] The Trustee surely knows this. And as set forth in her Opening Brief, because the Trustee has failed to avoid the Releases, those Releases bar the claims against Edwards, even if she was an officer.[8] If she was not an officer, those Releases still bar claims against her as an employee, representative or agent of the Company. And if she was not even an employee, representative or agent of the Company, the claims against her fail on their face.

Thus, the claims against Edwards relating to the Redbox Merger (the Third, Fifth, Eighth, and Ninth Claims for Relief) should be dismissed for this independently sufficient reason.

---

[7] As noted in the Opening Brief, this Court also may consider the Release Agreement, which was publicly filed as Exhibit 10.1 to CSSE's Form 8-K filed with the SEC on May 12, 2022. https://www.sec.gov/ix?doc=/Archives/edgar/data/0001679063/000110465922059491/tm2215197d3_8ka.htm. (The direct link to the Release Agreement itself is available at the end of the Form 8-K.) The definition of "Mutual Release Parties" states that it means, "with respect to any of the CSSE Parties, the CSSE Group Parties," and the definition of "CSSE Group Parties" means, among others, "the CSSE Parties [including the Company] and each of their former, current and future direct or indirect Subsidiaries and Affiliates and their respective former, current and future officers, directors, managers, *employees, representatives, agents*, attorneys, successors and assigns" (emphasis added).

[8] *See also* Sections IV and VI of the Independent Directors' Reply Brief in Support of Motion To Dismiss Adversary Complaint (the "Independent Directors' Reply Brief"), incorporated here by reference, and Sections V.A-C and VI.B-C of Chicken Soup for the Soul Productions, LLC, Chicken Soup for the Soul, LLC, and Chicken Soup for the Soul Holdings, LLC's Reply in Support of Motion to Dismiss Complaint (the "CSS Entities' Reply Brief"), incorporated here by reference.

### III. THE TRUSTEE HAS PLEADED LITERALLY NOTHING REGARDING EDWARDS WITH RESPECT TO ANY CLAIMS UNRELATED TO THE REDBOX MERGER.

Only the Third, Fifth and Eighth through Thirteenth Claims for Relief have been pleaded against Edwards. The Third and Fifth Claims for Relief, for breach of fiduciary duty relating to the Redbox Merger and aiding and abetting such breaches, and the Eighth and Ninth Claims for Relief, concerning the Insider Releases given as part of the Redbox Merger,[9] should be dismissed as discussed above. The remaining causes of action asserted against Edwards should also be dismissed because there is no question that no specific conduct **whatsoever** by Edwards has been alleged as to those Claims for Relief.

To illustrate, the Tenth Claim for Relief is for the recovery of Preferred Dividends and Insider Revenue Transfers. The Complaint does not allege that Edwards received a Preferred Dividend or Insider Revenue Transfer. Further, as set forth in the Opening Brief, Edwards was not – and was not alleged to have been – a **director** of the Company, and therefore could not have had any responsibility for the Preferred Dividends or the Insider Revenue Transfers. The Trustee's Opposition Briefs do nothing to rebut these arguments. The Claim for Relief should be dismissed against her accordingly.

The Eleventh Claim for Relief seeks to impose liability on Edwards under the Fair Labor Standards Act ("FLSA") for the Company's failure to pay employee wage, benefits, and tax obligations. The Trustee has conceded that his cause of action for liability under the FLSA is not

---

[9] The Eighth and Ninth Claims for Relief are for the avoidance of the Insider Releases as Fraudulent Transfers. As noted in Section II of this Reply Brief, as well as for the reasons set forth in Sections IV and VI of the Independent Directors' Reply Brief, incorporated here by reference, and Sections V.A-C and VI.B-C of the CSS Entities' Reply Brief, incorporated here by reference, those Claims for Relief fail because the Trustee has failed to avoid them as a matter of law.

sustainable,[10] but states that the Defendants' collective underlying conduct remains part of his claims for breach of fiduciary duty and aiding and abetting such a breach.  But here too, the Complaint has not alleged any facts showing that Edwards played any role in any non-payment of such obligations.  The Claim for Relief should be dismissed against her accordingly.

The Twelfth and Thirteenth Claims for Relief seek to disallow and subordinate any claims filed by Edwards.  The Complaint does not allege that Edwards filed a claim – and she did not.  These Claims for Relief should be dismissed against her accordingly.

## CONCLUSION

For the foregoing reasons and the reasons set forth in her Opening Brief, Defendant Amanda R. Edwards respectfully requests that this Honorable Court dismiss the Complaint against her with prejudice for failure to state a claim pursuant to Federal Rule 12(b)(6).

Dated: September 26, 2025
       Wilmington, Delaware

**HALLORAN FARKAS + KITTILA LLP**

By :  */s/ William E. Green, Jr.*
William E. Green, Jr., Esq. (No. 4864)
*wg@hfk.law*
James G. McMillan, III (No. 3979)
*jm@hfk.law*
5722 Kennett Pike
Wilmington, Delaware 19807
Telephone: (302) 268-6875
*Co-counsel to Defendant Amanda R. Edwards*

**ELLIOTT KWOK LEVINE JAROSLAW NEILS LLP**

By :  */s/ Jared R. Clark*
Jared R. Clark, Esq.
*jclark@ekljnlaw.com*
Lynn A. Neils, Esq.

---

[10] The Trustee does not address the merits of Edwards' arguments for dismissal of the Eleventh Claim for Relief, implicitly conceding that it should be dismissed.

          *lneils@ekljnlaw.com*
          One Grand Central Place
          60 East 42nd Street, Suite 1570
          New York, New York 10165
          Telephone: (212) 321-0510

*Co-counsel to Defendant Amanda R. Edwards*

TO:   **PACHULSKI STANG ZIEHL & JONES LLP**
      Richard M. Pachulski (admitted *pro hac vice*)
      Alan J. Kornfeld (admitted *pro hac vice*)
      Steven W. Golden (DE Bar No. 6807)
      Tavi C. Flanagan (admitted *pro hac vice*)
      919 N. Market Street, 17th Floor
      P.O. Box 8705
      Wilmington, DE 19899-8705 (Courier 19801)
      Telephone: (302) 652-4100
      Facsimile: (302) 652-4400
      Email: *rpachulski@pszjlaw.com*
            *akornfeld@pszjlaw.com*
            *sgolden@pszjlaw.com*
            *tflanagan@pszjlaw.com*

*Counsel to Plaintiff George L. Miller, Chapter 7 Trustee*