# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT, INC., et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 24-11442 (MFW)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, CHAPTER 7 TRUSTEE,<br><br>Plaintiff.<br>v.<br><br>WILLIAM J. ROUHANA, JR., AMY L. NEWMARK, CHRISTOPHER MITCHELL, FRED M. COHEN, COSMO DENICOLA, MARTIN POMPADUR, CHRISTINA WEISS LURIE, DIANA WILKIN, VIKRAM SOMAYA, JASON MEIER, AMANDA R. EDWARDS, CHICKEN SOUP FOR THE SOUL PRODUCTIONS, LLC, CHICKEN SOUP FOR THE SOUL, LLC, CHICKEN SOUP FOR THE SOUL HOLDINGS, LLC,<br><br>Defendants. | Adversary No. 25-50399 (MFW)<br><br>Re A.D.I. 1, 43, 51, 52 |

**DEFENDANT JASON MEIER'S REPLY BRIEF IN SUPPORT OF HIS
MOTION TO DISMISS ADVERSARY COMPLAINT AND JOINDER**

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprise, LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508).

Dated: September 26, 2025

**McCARTER & ENGLISH, LLP**
Sarah E. Delia (No. 5833)
Maliheh Zare (No. 7133)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
sdelia@mccarter.com
mzare@mccarter.com

*Attorneys for Defendant Jason Meier*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii
INTRODUCTION .................................................................................................................... 1
ARGUMENT ............................................................................................................................ 2
    I.     The Trustee Cannot Rehabilitate the Woefully Insufficient Allegations Against Mr. Meier. ........................................................................................................... 2
    II.    The Trustee Fails to Refute That His Group Pleading Allegations Against Mr. Meier Are Insufficient to Support a Claim. ................................................... 4
    III.   The Complaint Does Not Allege Sufficient Facts From Which to Infer that Mr. Meier Owed Fiduciary Duties Prior to November 2022. .............................. 7
    IV.   The Release Bars the Trustee's Claims in the Applicable Time Period. ............ 8
    V.    The Trustee Has Failed to Rebut That the Claim of Aiding and Abetting Against Mr. Meier Must Be Dismissed. ............................................................... 8
    VI.   The Fraudulent Transfer Claims Must Be Dismissed (Counts VIII-IX). ........... 9
    VII.  Count X For Recovery of Alleged Unlawful Dividends Must Be Dismissed. ... 9
    VIII. The Trustee Cannot Pursue the FLSA Claim (Count XI). ................................... 9
    IX.   The Disallowance and Equitable Subordination Claims Fail (Counts XII-XIII). ............ 10
CONCLUSION ....................................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page(s)
**Cases**

*Adverio Pharma GmbH v. Alembic Pharms. Ltd.*,
   2019 WL 581618 (D. Del. Feb. 13, 2019) ................................................................................6

*In re AmTrust Fin. Servs., Inc. S'holder Litig.*,
   2020 WL 914563 (Del. Ch. Feb. 26, 2020) .............................................................................6

*Baldonado v. Avrinmeritor, Inc.*,
   2014 WL 2116112 (D. Del. May 20, 2014) ............................................................................9

*In re Columbia Pipeline Grp., Inc. Merger Litig.*,
   2025 WL 1693491 (Del. June 17, 2025) .................................................................................9

*In re Conex Holdings, LLC*,
   514 B.R. 405 (Bankr. D. Del. 2014) ........................................................................................5

*In re Furniture Factory Ultimate Holding, L.P.*,
   2023 WL 5662747 (Bankr. D. Del. Aug. 31, 2023) .............................................................3, 4

*Grabski on behalf of Coinbase Glob., Inc. v. Andreessen*,
   2024 WL 390890 (Del. Ch. Feb. 1, 2024) ...............................................................................8

*Howland v. Kumar*,
   2019 WL 2479738 (Del. Ch. June 13, 2019) ...........................................................................6

*Kabbaj v. Obama*,
   568 F. App'x 875 (11th Cir. 2014) ..........................................................................................5

*Magluta v. Samples*,
   256 F.3d 1282 (11th Cir. 2001) ...............................................................................................5

*In re Midnight Madness Distilling, LLC*,
   2024 WL 3517620 (Bankr. E.D. Pa. July 23, 2024) ............................................................4, 5

*Network Managing Sols., LLC v. AT&T Inc.*,
   2017 WL 5195863 (D. Del. Nov. 9, 2017), *report and recommendation
   adopted sub nom. Network Managing Sols., LLC v. AT&T Mobility, LLC*,
   2017 WL 11553316 (D. Del. Dec. 1, 2017) .............................................................................6

*In re OPP Liquidating Co.*,
   2022 WL 774063 (Bankr. D. Del. Mar. 14, 2022) ...................................................................4

*Pinnavaia on behalf of Pinnavaia v. Celotex Asbestos Settlement Tr.*,
   271 F. Supp. 3d 705 (D. Del. 2017) .....................................................................................6, 7

*Prior v. State of Delaware Div. of Developmental Disabilities Servs.*,
   2024 WL 3359503 (D. Del. July 10, 2024) ...............................................................................9

*Victaulic Co. v. Tieman*,
   499 F.3d 227 (3d Cir. 2007), *as amended* (Nov. 20, 2007) ........................................................7

iii

Mr. Jason Meier respectfully submits this reply brief in further support of his Motion to Dismiss the Adversary Complaint and Joinder (D.I. 43; the "Motion"). To avoid duplication, Mr. Meier further joins in and incorporates by reference certain arguments from the reply memoranda submitted by the Independent Directors (the "Independent Directors' Reply"), William J. Rouhana, Jr. and Amy Newmark (the "Rouhana and Newmark Reply"), and Christopher Mitchell (the "Mitchell Reply") in further support of dismissal of Counts V, VIII, IX, X and XI.

**INTRODUCTION**

In his two Answering Briefs in Opposition to Defendants' Motions to Dismiss (D.I. 51, 52; together, the "Opposition"), the Trustee failed to rebut—or in some cases, even address—the arguments raised in Mr. Meier's opening brief in support of the Motion (D.I. 44; the "Opening Brief" or "Op. Br.")[1] He instead continues to push entirely unsubstantiated claims against an officer—Jason Meier —who had no role in approving any of the alleged misconduct at issue, is not identified as an attendee in a single set of Board minutes from the relevant time period, and is not alleged to have taken any particularized action whatsoever. The best the Trustee can do is point to a handful of conclusory "group pleading" allegations in an otherwise lengthy narrative that Meier (along with others) provided or adopted unreasonable financial information. But these allegations are pure assumptions for which the Complaints lacks any factual support. The Trustee is entitled only to reasonable inferences—not unsubstantiated self-serving statements that are actually contradicted by relevant corporate records.

For the reasons set forth in the Opening Brief, this reply and the briefs incorporated by reference, the Complaint must thus be dismissed against Mr. Meier.

---

[1] Capitalized terms and abbreviations undefined herein have the meanings ascribed to them in the Opening Brief or the Complaint, unless otherwise indicated.

## ARGUMENT

### I. The Trustee Cannot Rehabilitate the Woefully Insufficient Allegations Against Mr. Meier.

The Trustee has failed to rebut Mr. Meier's arguments that the allegations in the Complaint are wholly insufficient to state a claim for breach of fiduciary duty against Mr. Meier. (Op. Br., pp. 8-14.) The Trustee attempts to rely on the collective length of the briefing from all Defendants—citing "228 pages of briefing," "147 exhibit references," and "8,549 pages of exhibits"—as evidence that the Complaint contains sufficient factual allegations against each Defendant, including Mr. Meier. (D.I. 51, p. 9.) But the Trustee fundamentally misses the point—volume is not a substitute for well pleaded allegations in a complaint. This is particularly true as to Mr. Meier, whose own briefing is minimal. This makes sense given that Mr. Meier's name appears only three times in the Complaint and that he is mentioned only a handful of other times in connection with improper group pleading allegations.

The Trustee's Opposition opens with a story against Meier as one of multiple culpable parties:

> The other D&Os breached their fiduciary duties to the Company by allowing Rouhana to exert undue and unreasonable control and influence over them, the Company, and the CSS Entities. The other D&Os did not act as proper directors and officers of a publicly traded Delaware corporation. They were supine and loyal to Rouhana and utterly failed to adequately oversee him and curtail his entry into self-interested and unreasonable transactions. They were negligent and failed to make reasoned and informed decisions; instead, beholden to Rouhana, they abdicated their fiduciary responsibilities and placed Rouhana's and their own interests ahead of those of the Company. The Company's Board minutes reflect that the other D&Os unreasonably relied on, did not question, and/or rubber-stamped Rouhana's determinations and dictates. The other D&Os consistently failed to obtain and/or ignored pertinent information that would have allowed them to make reasoned and informed decisions and act for the benefit of the Company, as they were required by law to do. Instead, the D&Os' loyalties lay with Rouhana at the expense of the Company. The other D&Os' failure to oversee and check Rouhana's self-interested, deceptive, and manipulative actions led to the demise of the Company.

2

(D.I. 51, p. 3.) But when it comes to identifying any *actual*, *well pleaded* misconduct by Mr. Meier, the Trustee cannot deliver. Thus, the Trustee's argument that Mr. Meier "fully understand[s]" the Trustee's claims against him is flat wrong. (*Id.* at 4, 9-14.)

The Trustee concedes that "[a]llegations in a complaint are sufficient to withstand a motion to dismiss if they identify the 'dates, parties, and actions or inactions' of the defendants which are 'sufficient to put them on notice of the specific conduct that gives rise to the . . . claims asserted against them.'" (*Id.* at 10) (citing *Balasianov. Borell (In re Furniture Factory Ultimate Holding, L.P.*), 2023 Bankr. LEXIS 2164, *23-27 (Bankr. D. Del. Aug. 21, 2023) (internal quotations omitted). Yet, the Trustee cannot point to a *single date or particularized action* alleged against Mr. Meier, other than the mere fact of his employment with the Company. (*Id.* at 11.) Tellingly, he simply parrots back the same high-level and entirely conclusory theories from the factually deficient Complaint.

The Trustee's reliance on *In re Furniture Factory Ultimate Holding, L.P.*, 2023 WL 5662747 (Bankr. D. Del. Aug. 31, 2023) is misplaced. (*Id.* at 10.) In *Furniture Factory*, the court explained:

> Under Delaware law, a claim for breach of fiduciary duties may be dismissed where the complaint (1) "lumps all of the individual Defendants together as 'Officers and Directors' ... without supplying specific facts as to each defendant's wrongdoing;" (2) "has not provided any specific facts as to which transactions a particular defendant authorized;" and (3) does not "allege what authority any particular defendant had to approve such transactions."
>
> Courts in this district have dismissed claims for breach of fiduciary duties against certain individual defendants who allegedly "were involved with" or "participated in [a] certain transaction," and conclusory allegations were not enough to survive a motion to dismiss. The Delaware District Court has also dismissed claims for breach of fiduciary duty where a plaintiff lumped all the individual defendants together, did not supply specific facts as to each defendant's wrongdoing, did not provide specific facts as to which transactions a particular defendant authorized, and did not allege what authority any particular defendant had to approve such transaction.

3

2023 WL 5662747, at *10 (internal citations omitted).

The *Furniture Factory* court ultimately declined to dismiss that case because it found that "[t]he Complaint contains sufficient dates, details, and actions or inactions by the D&Os, collectively and individually," and that each fiduciary duty count was "tied to a subset of the total D&Os and coupled with a particular set of facts." *Id.*, at *11. Similarly in *In re OPP Liquidating Co.*, 2022 WL 774063, at *8 (Bankr. D. Del. Mar. 14, 2022), the court found that "[t]he Amended Complaint identifie[d] dates, parties, and actions or inactions of the Defendants."

In contrast, the Trustee's Complaint does not allege a single well-pleaded fact about Mr. Meier's specific involvement. For instance, the Complaint alleges Mr. Meier was part of a "financial management and executive team" that supported "widely unrealistic" plans, but provides no factual allegations as to Mr. Meier's personal involvement, his authority to "adopt" anything on behalf of the Company, or why the plans were unreasonable at the time. (Compl. ¶ 29; Op. Br., pp. 9-10.) The Trustee further alleges that Mr. Meier, along with others, presented "wildly optimistic" financials to support the Redbox Merger (Compl. ¶ 57; Op. Br., pp. 2, 7, 10), but again fails to identify when this alleged presentation occurred, how the information was deficient, or Mr. Meier's role in creating it. These deficiencies are underscored by the fact that Mr. Meier is not identified as an attendee in any of the Board meeting minutes incorporated by reference in the Complaint. In short, the Trustee comes nowhere close to meeting his threshold pleading burden for Mr. Meier.

## II.    The Trustee Fails to Refute That His Group Pleading Allegations Against Mr. Meier Are Insufficient to Support a Claim.

The Trustee further relies heavily on the principle that group pleading may be appropriate where the Complaint provides sufficient context and notice. (D.I. 51, pp. 14-15.) However, the Trustee's own cited case, *In re Midnight Madness Distilling, LLC,* 2024 WL 3517620 (Bankr. E.D.

4

Pa. July 23, 2024), confirms that a complaint must allege "factual allegations detail[ing] which Defendant or Defendants acted or failed to act in a manner that renders them liable." *Id.* at *9. Group pleading may also make sense, for example, when a corporate board acts collectively on behalf of a company. But group pleading does not work where, as here, Mr. Meier was not a member of the Board and had no alleged authority to "approve" anything, and the minutes of the relevant Board meetings do not list him as an attendee. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) ("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."); *Kabbaj v. Obama*, 568 F. App'x 875, 880 (11th Cir. 2014) (finding improper shotgun pleading where "the complaint refers to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct.").

The Trustee does not meaningfully address *In re Conex Holdings, LLC*, 514 B.R. 405, 414 (Bankr. D. Del. 2014), in which the court held that a claim for breach of fiduciary duty should be dismissed where, as here, it (1) "lumps all of the [i]ndividual [d]efendants together as 'Officers and Directors' […] without supplying specific facts as to each defendant's wrongdoing;" (2) does "not provide[] any specific facts as to which transactions a particular defendant authorized;" and (3) fails to "allege what authority any particular defendant had to approve such transactions." Instead, he concedes that he named Mr. Meier as one of many D&O Defendants because the Company's "minutes consistently refer to actions taken by a collective 'Board' and 'management' without identifying any D&O Defendant individually—other than Rouhana—making it impossible for the Trustee to distinguish between the individual D&O Defendants prior to discovery." (D.I. 51, p. 15.) As in *In re Conex*, the Trustee fails to point to a single Company act

5

approved or taken by "management" rather than the Board, because the Complaint alleges none. Moreover, it is unreasonable to assume that Mr. Meier is culpable party based solely on his employment status, without any well pleaded facts regarding actual conduct. *See also Adverio Pharma GmbH v. Alembic Pharms. Ltd.*, 2019 WL 581618, at *6 (D. Del. Feb. 13, 2019) (explaining "allegations lumping multiple defendants together without providing allegations of individual conduct are frequently . . . insufficient to satisfy the notice pleading standard."); *In re AmTrust Fin. Servs., Inc. S'holder Litig.*, 2020 WL 914563, at *13 (Del. Ch. Feb. 26, 2020) (dismissing claims against one of four directors where there were "few allegations in the Complaint specifically about Rivera. Lumping him together with the other three member of the Special Committee, Plaintiffs argue through group pleading . . . ."); *Howland v. Kumar*, 2019 WL 2479738, at *5 (Del. Ch. June 13, 2019) (dismissing claim against officer where "the Complaint lumps [the officer] in with the other Individual Defendants" and contains "no well-pled facts sufficient to suggest any wrongdoing by [the officer]").

Critically, the Trustee is not entitled to an (unreasonable) inference that Mr. Meier attended Board meetings (1) where Mr. Meier is not named in the express list of attendees in the minutes themselves (Op. Br., pp. 5-6); and (2) during certain periods, he did not have an officer-level role in the Company (Op. Br., pp. 14-15). "Plaintiffs are [] required to provide the grounds of their entitlement to relief beyond mere labels and conclusions." *Network Managing Sols., LLC v. AT&T Inc.*, 2017 WL 5195863, at *2 (D. Del. Nov. 9, 2017), *report and recommendation adopted sub nom. Network Managing Sols., LLC v. AT&T Mobility, LLC*, 2017 WL 11553316 (D. Del. Dec. 1, 2017). "The Court is not obligated to accept as true bald assertions, unsupported conclusions and unwarranted inferences, or allegations that are self-evidently false." *Pinnavaia on behalf of*

*Pinnavaia v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017) (quotation and quotation marks omitted).  It should not do so here.

### III. The Complaint Does Not Allege Sufficient Facts From Which to Infer that Mr. Meier Owed Fiduciary Duties Prior to November 2022.

Plaintiff has alleged no basis to support an inference that Mr. Meier owed fiduciary duties with respect to any of the challenged transactions that occurred prior to November 2022.  The Company did not even identify Mr. Meier as an executive officer in its public filings prior to that time (Op. Br., n.2), and there are no allegations suggesting that Mr. Meier had relevant managerial duties prior to that time.

The Trustee cites Mr. Meier's LinkedIn profile and general Board minutes' general references to "management" to support his contention that Mr. Meier owed fiduciary duties prior to his appointment as CFO in November 2022.  (D.I. 51, p. 31.)  But the LinkedIn page is outside the scope of the Complaint, and The Third Circuit has declined to take judicial notice of such websites on the basis that they constitute "marketing material [] full of imprecise puffery that no one should take at face value." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007), *as amended* (Nov. 20, 2007).  The *Victaulic* court cautioned that "courts should be wary of finding judicially noticeable facts amongst all the fluff; private corporate websites, particularly when describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned,' Fed. R. Evid. 201(b), that our judicial notice rule contemplates." *Id.* The same applies to Mr. Meier's LinkedIn profile, which incorporates by reference the job duties he held as CFO into the earlier held position of Chief Accounting Officer.  *See* https://www.linkedin.com/in/jason-meier-8378869/ (accessed Sept. 22, 2025).  This is obviously not an accurate description.  And the Board minutes do not even refer to Mr. Meier by name.  The Trustee's assertion that discovery may later uncover more details cannot cure a facially deficient

pleading. The fiduciary status of Mr. Meier prior to November 2022 remains unsupported by the Complaint and the documents expressly incorporated therein and must be rejected.

The Trustee's reliance on *Grabski on behalf of Coinbase Glob., Inc. v. Andreessen*, 2024 WL 390890, at *7 (Del. Ch. Feb. 1, 2024), in which the court sustained a fiduciary duty claim against a chief accounting officer who was alleged to have sold shares based on material, nonpublic information, has no weight in light of the Trustee's pleading deficiencies. It is certainly possible that someone with the title of chief accounting officer could be appropriately considered a fiduciary of a company. But here, where the Company has not listed Mr. Meier among its executive officers and the Complaint is otherwise devoid of factual allegations relating to Mr. Meier's role or authority, the fiduciary duty claim based on conduct pre-dating November 2022 must fail.

### IV.    The Release Bars the Trustee's Claims in the Applicable Time Period.

Mr. Meier hereby incorporates by reference the arguments set forth in Argument Section I of the Mitchell Reply and Section IV of the Independent Directors' Reply.

### V.    The Trustee Has Failed to Rebut That the Claim of Aiding and Abetting Against Mr. Meier Must Be Dismissed.

As set forth in Argument Section III of the Rouhana and Newmark Reply, which Mr. Meier incorporates by reference, the Trustee accepts Mr. Meier's fiduciary status during the relevant time period and fails to adequately plead knowing participation, substantial assistance, or damages.

Assuming, however, that Mr. Meier was not an officer of the Company with attendant fiduciary duties prior to November 2022, the Trustee points to his allegations that Mr. Meier "adopted" unrealistic plans (Compl. ¶ 29) and provided "wildly optimistic" financial information (*id.* ¶ 57). However, these allegations are conclusory and factually unsupported in that Mr. Meier is not alleged to have had any authority to "adopt" anything at that point in time. (Op. Br., p. 15.) Moreover, to plead aiding and abetting, the Trustee must allege that Mr. Meier knowingly

8

participated in a breach. (*Id.*, pp. 15-16.) Yet the Trustee does not allege what Mr. Meier knew, when he knew it, or how he provided substantial assistance. *See In re Columbia Pipeline Grp., Inc. Merger Litig.*, 2025 WL 1693491, at *23 (Del. June 17, 2025). The Trustee's repeated reliance on general allegations that "the D&Os aided Rouhana" (D.I. 52, pp. 5-6) is insufficient. These are precisely the types of conclusory group allegations that courts have rejected.

## VI.    The Fraudulent Transfer Claims Must Be Dismissed (Counts VIII-IX).

Mr. Meier hereby incorporates by reference the arguments set forth in Argument Section VI of the Independent Directors' Reply in further support of dismissal of Counts VIII and IX.

## VII.    Count X For Recovery of Alleged Unlawful Dividends Must Be Dismissed.

Mr. Meier hereby incorporates by reference the arguments set forth in Argument Section III of the Independent Directors' Reply in further support of dismissal of Count X.

## VIII.    The Trustee Cannot Pursue the FLSA Claim (Count XI).

The Trustee fails to respond to Mr. Meier's argument that he did not qualify as an "employer" under the FLSA (Op. Br., p. 16.) *Baldonado v. Avrinmeritor, Inc.*, 2014 WL 2116112, at *7 (D. Del. May 20, 2014) ("[W]here a party responds to a dispositive motion, but only addresses some subset of the arguments that are the subject of the motion, courts have consistently held that the claims that are not defended are deemed abandoned.") (collecting cases); *Prior v. State of Delaware Div. of Developmental Disabilities Servs.*, 2024 WL 3359503, at *3 (D. Del. July 10, 2024) (same). The Trustee instead argues that he no longer seeks damages against Defendants for non-payment of wages, benefit, and tax obligation under Count XI, because of a separate litigation by a class of employees, but is entitled to pursue the alleged non-payments as a basis for his claim of breach of fiduciary duties and aiding and abetting. (D.I. 52, p. 42.) The

9

Trustee thus improperly seeks to repurpose the FLSA allegations.  That approach fails.  Count XI should be dismissed against Mr. Meier.

### IX.   The Disallowance and Equitable Subordination Claims Fail (Counts XII-XIII).

The Trustee concedes that Mr. Meier has not filed a claim but asserts that Counts XII–XIII should not be dismissed until judgment is rendered in this action, citing no case law.  Mr. Meier has not filed a claim; there is no alleged claim to disallow or subordinate.  These claims should be dismissed.

### CONCLUSION

For the foregoing reasons and the reasons stated in the Opening Brief, this Court should grant Mr. Meier's motion to dismiss the Complaint and order such other relief it deems just and appropriate.

Dated:  September 26, 2025                                McCARTER & ENGLISH, LLP


*/s/ Sarah E. Delia*
Sarah E. Delia (No. 5833)
Maliheh Zare (No. 7133)
Renaissance Centre
405 North King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
sdelia@mccarter.com
mzare@mccarter.com

*Attorneys for Defendant Jason Meier*